IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434 ) | CIVIL NO. 12-00059 SOM/KSC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| ) | |
| ACO S. ALO, CARL DENNISON, ) | |
| BRANDON LAFAGA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER TO SHOW CAUSE**

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint and *in forma pauperis* ("IFP") application. Plaintiff alleges that Defendants Adult Correctional Officer ("ACO") S. Alo, inmate Carl Dennison, and inmate Brandon Lafaga violated his constitutional rights on or about May 15, 2009, at the Oahu Community Correctional Facility ("OCCC"), when Dennison and Lafaga allegedly assaulted Plaintiff at Alo's direction. Plaintiff, who has recently been transferred back to OCCC, alleges that he now fears for his life that unnamed OCCC staff "will use inmates or staff to attack me again." ECF #1, Compl. at 5. Plaintiff is ORDERED to show cause why he should be allowed to proceed *in forma pauperis* in this action.

//

//

//

//

I. **DISCUSSION**

A.   **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

For dismissals that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at

least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to raise *sua sponte* the § 1915(g) problem, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *Id.*

A review of the federal courts' public dockets and electronic records, http://pacer.psc.uscourts.gov, ("PACER"), reveals that Plaintiff has filed numerous civil actions in this and other federal courts that have been dismissed as frivolous or failing to state a claim. *See e.g., Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ. No. 11-00082 HG Doc. No. 6 (D. Haw. 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00675 HG Doc. No. 9 (D. Haw. 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00166 HG Doc. No. 6 (D. Haw. 2010) (dismissing as frivolous and finding the dismissal counted as a strike); *Tierney v. United States*, Civ. No. 08-00543 HG Doc. No. 4 (D. Haw. 2010) (dismissing as frivolous); *Tierney v. United States*, Civ. No. 08-00326 JMS Doc. No. 4 (D. Haw. 2008) (finding complaint failed to

state a claim); *Tierney v. Quiggle*, Civ. No. 96-5995 (W.D. Wash. 1997).

As noted, several of these actions explicitly informed Plaintiff that they constituted strikes or that he had already accrued three strikes. *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case). Plaintiff's awareness of these strikes is further suggested by his failure to affirmatively answer the form complaint's query as to whether he has brought other lawsuits while a prisoner. He instead questions the "[r]elevancy" of this question. *See* Doc. No. 1 at 3.

**B.   Plaintiff Fails to Allege Imminent Danger of Serious Physical Injury**

Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff alleges that, three years ago, in May 2009, while he was incarcerated at OCCC, Defendant Alo, a guard at the prison, instructed inmates Defendants Dennison and Lafaga to attack Plaintiff. Plaintiff says that, since being recently transferred back to OCCC, he has lived in fear that unnamed "staff at O.C.C.C. will use inmates or staff to attack me again." Compl. at 5, 6, 7.

Plaintiff does not say that Defendants Alo, Dennison, and Lafaga remain at OCCC, continue to threaten him, or otherwise pose a continuing threat towards him.  OCCC generally houses pre-trial inmates, inmates with relatively short sentences, or inmates that are near the termination of their sentences.  *See* http://hawaii.gov/psd/corrections/institutions-division.  It is quite possible that Dennison and Lafaga are no longer incarcerated at OCCC.  Moreover, Plaintiff relates no facts showing that he has actually been threatened by these Defendants or by any other individuals at OCCC.  In short, Plaintiff does not allege facts to support the existence of an imminent danger of serious physical injury when he commenced this action.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time").

In *Andrews*, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger'--the standard adopted by the Eighth Circuit--is the most sensible way to interpret the imminency requirement."  *Id.* at 1056 (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 2003)).  *Andrews* holds that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing.  Plaintiff

could, therefore, possibly satisfy the imminent danger exception by alleging an ongoing threat.

Plaintiff, however, fails to allege specific facts indicating that he is in imminent danger.  Unlike the plaintiff in *Andrews* who alleged facts indicating a particular threat,[1] Plaintiff fails to allege facts indicating that a specific Defendant knew of harm to Plaintiff and disregarded it, causing some injury to Plaintiff.  Plaintiff alleges no facts indicating that Defendants Alo, Dennison, or Lafaga are currently subjecting him to imminent injury, or are even in contact with him. Plaintiff's vague fear is based on an attack that allegedly occurred three years ago.

On the present record, this case is distinguishable from *Andrews*. In *Andrews*, the plaintiff alleged facts indicating that he had suffered a particular injury, that the defendants knew of a particular harm to him, and that the defendants had failed to act to address the harm.  In other words, the plaintiff in *Andrews* alleged sufficient facts to put the named defendants on notice of the harm.  By contrast, Plaintiff's allegations here are exceedingly vague. *See Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009)

---

[1] The plaintiff in *Andrews* alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim. *See* 493 F.3d at 1050.

(finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception) Plaintiff does not articulate specific facts indicating that any named Defendant is subjecting him to imminent danger from a particular harm.  Plaintiff thus fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

**C.    Order to Show Cause**

*Andrews* allows the court to raise the § 1915(g) problem *sua sponte*, but generally requires the court to notify the prisoner of the earlier dismissals it considers support a § 1915(g) dismissal and to give the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.  Once a court gives such notice, the prisoner bears the burden of showing that § 1915(g) does not bar pauper status for him.  398 F.3d at 1116.

In light of his past dismissals, and because Plaintiff does not plausibly allege that he is under imminent danger of serious physical injury, Plaintiff is ordered to show cause within thirty days from the date this order is filed, on or before **March 25, 2012**, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative, Plaintiff

may avoid dismissal by paying the full $350.00 filing fee by the court's deadline.

Because Plaintiff's pending IFP application is incomplete, it is DENIED.  *See* 28 U.S.C. § 1915(a)(2).  If Plaintiff intends to show cause, rather than pay the filing fee, he is ORDERED to concurrently submit a fully completed IFP application.  Failure to file a response within thirty days from the date of this order, **March 25, 2012**, showing good cause, or to pay the full filing fee, will result in the dismissal of this action without further notice to Plaintiff.  All pending motions are DENIED without prejudice to refiling after Plaintiff's *in forma pauperis* status has been determined.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Alo, et al.,* Civ. No. 11-00681 DAE/KSC; Order To Show Cause; psas/3 Strikes Ords/DMP/2012/Tierney 12-59 som