IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY, #A0201434, )<br>)<br>Plaintiff,    )<br>)<br>vs.            )<br>)<br>ACO S. ALO, CARL DENNISON, )<br>BRANDON LAFAGA,            )<br>)<br>Defendants.   )<br>_____ ) | CIVIL NO. 12-00059 SOM/KSC<br><br>ORDER DENYING IFP APPLICATION<br>AND DISMISSING ACTION |

## ORDER DENYING IFP APPLICATION AND DISMISSING ACTION

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint and *in forma pauperis* ("IFP") application. Plaintiff alleges that Defendants Adult Correctional Officer ("ACO") S. Alo, inmate Carl Dennison, and inmate Brandon Lafaga violated his constitutional rights on or about May 15, 2009, at the Oahu Community Correctional Facility ("OCCC"), when Dennison and Lafaga allegedly assaulted Plaintiff at Alo's direction. Plaintiff, who has recently been transferred back to OCCC, alleges that he fears for his life that unnamed OCCC staff "will use inmates or staff to attack me again." ECF #1, Compl. at 5.

For the following reasons, Plaintiff's IFP application is DENIED and this action is DISMISSED without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee.

//

## I. BACKGROUND

Plaintiff filed this action on February 13, 2012.  ECF #1.  On February 24, 2012, the court ordered Plaintiff to show cause why he should be allowed to proceed IFP in this action in light of his numerous prior dismissals and apparent 3-strike bar under 28 U.S.C. § 1915(g).  ECF #5 (Order to Show Cause ("OSC")).  The court also denied Plaintiff's IFP application as incomplete, and instructed Plaintiff to provide a complete IFP form when he responded to the OSC.

On March 9, 2012, Plaintiff responded to the OSC, but failed to adequately address the court's concern that his complaint failed to show that he was in imminent danger of serious physical injury when he filed the complaint.  *See* ECF #6 ("March 9 Response").  The court again ordered Plaintiff to respond to the OSC, and to submit a fully completed IFP application.  ECF #7.

On March 19, 2012, Plaintiff filed a notice of appeal of the OSC and denial of IFP, a second Response to the OSC ("March 19 Response"), and a complete IFP application.  *See* ECF #8, 9, #10.  The court stayed the proceedings pending resolution of Plaintiff's appeal.  ECF #12.  On April 12, 2012, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction.  ECF #15.

## II.  DISCUSSION

### A.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

For dismissals that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at

3

least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. *Andrews* therefore allows the court to raise *sua sponte* the § 1915(g) problem, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *Id.*

**B.   Plaintiff's Prior Dismissals**

A review of the federal courts' public dockets and electronic records, http://pacer.psc.uscourts.gov, ("PACER"), reveals that Plaintiff has filed numerous civil actions in this and other federal courts that have been dismissed as frivolous or failing to state a claim. *See e.g., Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (finding that Plaintiff had three strikes under 28 U.S.C. § 1915(g)); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); *Tierney v. United States*, Civ. No. 11-00082 HG Doc. No. 6 (D. Haw. 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00675 HG Doc. No. 9 (D. Haw. 2010) (dismissing as frivolous and finding Plaintiff had accrued three strikes); *Tierney v. United States*, Civ. No. 10-00166 HG Doc. No. 6 (D. Haw. 2010) (dismissing as frivolous and finding the dismissal counted as a strike); *Tierney v. United States*, Civ. No. 08-00543 HG Doc. No. 4 (D. Haw. 2010) (dismissing as frivolous); *Tierney v. United States*, Civ. No. 08-

00326 JMS Doc. No. 4 (D. Haw. 2008) (finding complaint failed to state a claim); *Tierney v. Quiggle*, Civ. No. 96-5995 (W.D. Wash. 1997).

As noted, several of these actions explicitly informed Plaintiff that they constituted strikes or that he had already accrued three strikes.  *See Andrews*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case).  The court also notified Plaintiff of these strikes in the OSC.  *See* ECF #5.  Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

**C.   Plaintiff's Responses to the Order to Show Cause**

Plaintiff alleges that, three years ago, in May 2009, while he was incarcerated at OCCC, ACO Alo instructed inmates Dennison and Lafaga to attack Plaintiff.  Plaintiff says that, since his recent transfer back to OCCC, he has lived in fear that unnamed "staff at O.C.C.C. will use inmates or staff to attack me again."  Compl. at 5, 6, 7.

In the March 9 Response to the OSC, Plaintiff reiterates his claims regarding the alleged assault in 2009.  ECF #6.  Plaintiff ignores the court's explicit instructions in the OSC, and provides no statement from which it can be inferred that

he is in imminent danger of serious physical injury from Defendants or others at OCCC.

In his March 19 Response, Plaintiff sets forth Black's Law Dictionary definition of "assault," stating that "assault includes acts that merely put a person in reasonable fear of physical attack." ECF #9 at 1.[1] This suggests that Plaintiff argues he has a "reasonable" fear of physical attack. Plaintiff, however, provides no further details, reiterating simply that, on May 15, 2009, he was allegedly attacked, presumably referring to Defendants and to his previous incarceration at OCCC, although this is not explicit. *See id.* at 2.

Neither the complaint nor Plaintiff's two Responses say that Alo, Dennison, and Lafaga remain at OCCC, continue to threaten Plaintiff, or otherwise pose a continuing and credible threat to his safety. As noted in the OSC, OCCC houses pre-trial inmates, inmates with relatively short sentences, or inmates that are near the termination of their sentences. *See generally*, http://hawaii.gov/psd/corrections/institutions-division. It is quite possible that Dennison and Lafaga are no longer

---

[1] *See also*, Black's Law Dictionary (9th ed. 2009 (defining assault, *inter alia*, as "The threat or use of force on another that causes that person to have a reasonable apprehension of imminent harmful or offensive contact; the act of putting another person in reasonable fear or apprehension of an immediate battery by means of an act amounting to an attempt or threat to commit a battery."

incarcerated at OCCC.[2]  Moreover, although given ample opportunity to do so, Plaintiff relates no facts showing that he has actually been threatened by these Defendants or by any other individuals at OCCC.  In short, Plaintiff does not allege facts to support the existence of an imminent danger of serious physical injury when he commenced this action.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("Andrews II") ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time").

Although *Andrews II* holds that the imminent danger faced by the prisoner is not limited to the time frame of the filing of a complaint, and may be satisfied by alleging a danger that is ongoing, Plaintiff fails to set forth any facts showing that he is subject to a plausible, ongoing threat of imminent danger now.  Unlike *Andrews II*,[3] Plaintiff alleges no facts indicating that any individual, particularly no named Defendant, has threatened him, knew of and disregarded harm to him, or otherwise may be seen as plausibly causing Plaintiff imminent

---

[2] Neither Lafaga nor Dennison is listed as currently incarcerated on the Hawaii SAVIN criminal offender database for DPS incarcerated inmates.  *See* https://www.vinelink.com/vinelink.

[3] The plaintiff in *Andrews* alleged that the threat he faced from contagious diseases violated the Eighth Amendment's prohibition against cruel and unusual punishment, and submitted specific facts supporting such a claim.  *See* 493 F.3d at 1050.

danger of physical injury.  Plaintiff does not indicate that Alo, Dennison, or Lafaga is even in contact with him.  It is abundantly clear that Plaintiff's vague fear is based on an attack that allegedly occurred three years ago.  *See Marshall v. Fla. Dep't of Corr.*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception)  Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

## II.  CONCLUSION

For the reasons set forth above, the court:

(1)  DENIES Plaintiff's *in forma pauperis* application;

(2)  DISMISSES this action *sua sponte* without prejudice for Plaintiff's failure to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a);

(3) NOTIFIES Plaintiff that he is barred from proceeding *in forma pauperis* in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), without a showing of imminent danger of serious physical injury; and

(4) CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(5)  The Clerk SHALL close the file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 20, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Alo, et al.,* Civ. No. 11-00681 DAE/KSC; Order Denying IFP application and Dismissing Action/3 Strikes Ords/DMP/2012/Tierney 12-59 som (fail to show cause 1915(g)