IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | CIV. NO. 12-00059 SOM/KSC |
| | ) | |
|     Plaintiff, | ) | ORDER DENYING MOTION UNDER |
| | ) | RULE 60(b) |
|   vs. | ) | |
| | ) | |
| ACO S. ALO, et al., | ) | |
| | ) | |
|     Defendants | ) | |
| _____ | ) | |

## ORDER DENYING MOTION UNDER RULE 60(b)

    The court dismissed this action on April 20, 2012, because Plaintiff has accrued more than three strikes pursuant to 28 U.S.C. § 1915(g), and failed to allege imminent danger of serious physical injury or concurrently pay the filing fee. *See* ECF No. 16. The Ninth Circuit Court of Appeals affirmed on April 23, 2013. ECF No. 27. Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b), although it is unclear whether he seeks reconsideration of this court's or the Ninth Circuit's decision. Plaintiff's Rule 60(b) Motion is DENIED.

    Rule 60(b) permits reconsideration based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  *See* Fed. R. Civ. P. 60(b)(1)-(b)(6).  Motions under Rule 60(b) "must be made within a reasonable time-and for reasons (1),(2), and (3) no more than a year after the entry of the judgment or order[.]"  Fed. R. Civ. P. 60(c).

Reconsideration is generally only appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

To the extent Plaintiff challenges this court's April 20, 2012, decision, he is untimely.  Plaintiff signed the present Motion on April 25, 2013, more than one year after judgment entered.  Review under Rule 60(b)(1-3) is foreclosed, and a challenge under Rule 60(b)'s other provisions cannot be considered as "made within a reasonable time."  *See* Rule 60(c).

Even if the Motion is timely, Plaintiff presents no newly discovered evidence, intervening change in the controlling law, or manifest error in the decision to deny *in forma pauperis* status in this action and dismiss the case without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee.  The judgment is not void, satisfied, released,

discharged, reversed or otherwise vacated; judgment was affirmed. Plaintiff provides no other reason justifying relief from the judgment.

Finally, if Plaintiff intended to seek reconsideration of the Ninth Circuit's decision affirming this court, he must timely move in the Ninth Circuit Court of Appeals.  Plaintiff's Motion Under Rule 60(b) is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 1, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Alo*, 1:12-cv-00059 SOM/KSC;G:\docs\prose attys\Recon\DMP\2013\Tierney 12-59 som (R60(b)).wpd